IKUTA, Circuit Judge,
concurring in part and dissenting in part:
While I concur that Alcox’s equitable tolling argument is foreclosed, I disagree that Alcox is entitled to an evidentiary hearing, because he has not alleged “facts which, if proved, would entitle him to” statutory tolling. Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992); see Roy v. Lamperi, 465 F.3d 964, 974 (9th Cir.2006). First, Alcox has not adequately alleged the exercise of due diligence: an inmate’s status as “imprisoned[,] destitute,” and without familial support, Maj. Op. at 175-76, cannot by itself permit that inmate to sit idle for well over a decade before taking any action on his federal claims, see 28 U.S.C. § 2244(d)(1)(D), particularly where, as here, Alcox was able to conduct diligent research to find his biological family. Moreover, Alcox knew at the time of trial the factual predicates for his claim that his counsel failed to investigate his alibi and jailhouse statements. See Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir.2001).
Second, Alcox has not adequately alleged a factual predicate for his ineffective assistance of counsel claims regarding Carolina Gonzales and the additional motel •witnesses. Even if his attorney’s investigation of these witnesses was deficient under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there was no prejudice: impeaching Gonzales’s testimony would have been fruitless, since it was consistent with Alcox’s own account at trial, and the testimony of witnesses who allegedly heard the victim utter “Sanjay” before his death would have been cumulative of other evidence at trial.
Therefore, I respectfully dissent from the grant of an evidentiary hearing.